UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.

EILEEN LAVALLEE,

      Plaintiff

v.

TOWN OF SCITUATE and RICHARD
JOHNSON, Individually,

      Defendants

NOTICE OF REMOVAL

**05cv11807 RGS**
MAGISTRATE JUDGE Dein

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Now comes the defendant, Town of Scituate, pursuant to the provisions of 28 U.S.C. §§1441 and 1446, and hereby file notice of the removal of this action from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, County of Plymouth, where it is currently pending, based upon the following grounds:[1]

1. This is an action in which the plaintiff alleges violations of rights secured by the United States Constitution by the defendant, see Complaint, Count III (¶¶14-17), affixed hereto and incorporated by reference, as well as various state law claims.

2. This Court has jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. §1331, and the entire case may be removed pursuant to 28 U.S.C. §1441.

3. Removal is timely, as this action was served on the defendant no earlier than August 8, 2005, and the original Notice of Removal was filed on August 31, 2005.

---

[1] Although the Complaint alleges claims against Richard Johnson, in addition to the Town of Scituate, the state court docket indicates that Johnson had not been served as of the filing of this Notice of Removal. As such, Mr. Johnson is not, at present, a party to this action and his consent to removal is not required.

Signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DEFENDANT,

TOWN OF SCITUATE,

By its attorneys,

*Jackie Cowin*
Joseph L. Tehan, Jr. (BBO# 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

259855/METG/0645

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document is to be served upon the attorney of record for each other party by (hand) (mail) on 9/02/05

*JC*

2

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH

CIVIL ACTION
NO. 05-782

OFFICE OF RECEIVED
THE TOWN CLERK
2005 AUG -8 A 11: 05
SCITUATE, MASS.

Eileen Lavallee ................................., Plaintiff(s)

vs.

Town of Scituate and Richard Johnson ..............., Defendant(s)

## SUMMONS

To the above-named defendant : Town of Scituate

You are hereby summoned and required to serve upon ......Steven M. Litner.............
plaintiff   attorney, whose address is 530 Atlantic Ave., Boston, MA 02210.........., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff   which arises out of the transaction or occurrence that is the subject matter of the plaintiff  claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Brockton, the ......3rd...... day of ......August......, in the year of our Lord two thousand and five ......(2005)......

*Francis R. Powers*

CLERK.

### NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiff's attorney: please circle type of action involved — Tort — Motor Vehicle Tort — Contract — Equitable Relief — Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................, 19 ...., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant   , in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..................................................................

A TRUE COPY, ATTEST
*Robert Greek*
8-8-05
DEPUTY SHERIFF

Dated: ........................, 19 .

N.B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 19 .

Form 1

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-782 | 7/8/05 KF | Trial Court of Massachusetts Superior Court Department County: Plymouth |
|---|---|---|---|
| PLAINTIFF(S) Eileen Lavallee | | DEFENDANT(S) Town of Scituate and Richard Johnson | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Michael R. Rawson, RAWSON MERRIGAN & MERRIGAN, LLP 530 Atlantic Avenue, 3rd Floor, Boston, MA 02210 Board of Bar Overseers number: 555361  tel. (617) 348-0988 | | ATTORNEY (if known) | |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E03/E99 | M.G.L. c. 258/Civil Rights 1983 | (A) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ......................................... $.............
  2. Total Doctor expenses .......................................... $.............
  3. Total chiropractic expenses .................................... $.............
  4. Total physical therapy expenses ................................ $.............
  5. Total other expenses (describe) ................................ $.............
     Subtotal $.............
B. Documented lost wages and compensation to date .................. $.............
C. Documented property damages to date ............................. $.............
D. Reasonably anticipated future medical and hospital expenses ..... $.............
E. Reasonably anticipated lost wages ............................... $.............
F. Other documented items of damages (describe)
     $.............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

The plaintiff was the victim of an assault, battery, and false imprisonment committed upon her by the defendant, Richard Johnson. The acts by Mr. Johnson were committed while he was in the course and scope of his employment as a police officer with the Town of Scituate.

$1,000,000.00...
TOTAL $1,000,000.00...

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 7/8/05

JTC-6 mtc005-11/99


7/8/05
KF

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                          SUPERIOR COURT
                                                       CIVIL ACTION NO. 05-782

EILEEN LAVALLEE,             )
    Plaintiff,               )
                             )
v.                           )          **COMPLAINT**
                             )
TOWN OF SCITUATE and         )
RICHARD JOHNSON,             )
            individually     )
                             )
    Defendants.              )

### VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

### INTRODUCTION

1. The plaintiff, Eileen Lavallee, is an individual residing in Scituate, County of Plymouth, Commonwealth of Massachusetts.

2. The defendant, Town of Scituate, is a municipal corporation with a principal place of business located at 600 Chief Justice Highway, Scituate, County of Plymouth, Commonwealth of Massachusetts.

3. The defendant, Richard Johnson, is a police officer employed by the Town of Scituate Police Department, with a usual place of business located in Scituate, County of Plymouth, Commonwealth of Massachusetts.

4. The plaintiff says that during an evening on or about the last week in July, 2002, she was the victim of an assault, battery, and false imprisonment committed upon her, along with lewd and lascivious conduct directed toward her, as perpetrated by uniformed Police Officer Richard Johnson of the Scituate Police Department.

5. Officer Johnson's unlawful conduct referred to above was committed while he was in the course and scope of his employment as a Police Officer with the defendant, Town of Scituate.

6. On July 15, 2004 the plaintiff made presentment via certified mail upon the Chairman of the Board of Selectmen of the Town of Scituate, as agent of the Town of Scituate, pursuant to M.G. L. c. 258, receipt of which was acknowledged by signature of the addressee. The allegations contained within said letter of presentment are incorporated herein by reference. (See copies of plaintiff's letter of notice and the Town of Scituate's acknowledged receipt attached hereto as Exhibits A and B, respectively).

7. Having received no response from the Town of Scituate now more than six (6) months since plaintiff's presentment and notice thereof, the plaintiff is allowed to file suit in a court of appropriate jurisdiction, pursuant to Mass. Gen. L. c. 258.

## COUNT I
## VIOLATIONS PURSUANT TO M. G. L. c. 258
### (Lavallee v. Town of Scituate)

8. The plaintiff adopts and realleges the statements made in paragraphs 1 through 7 above as though fully set forth herein.

9. As a direct and proximate result of the defendant Town of Scituate's negligence and unlawful conduct and/or the negligence and unlawful conduct of its agents, employees, and/or servants, the plaintiff has sustained injuries of body and mind, incurred costs for medical care and attendance, and endured great pain and suffering, mental anguish, lost wages and/or diminished earning capacity and past, present and future medical expenses.

**WHEREFORE,** the plaintiff, Eileen Lavallee, demands judgment against the defendant, Town of Scituate, for the full amount of her damages plus interest, costs, expenses and attorney's fees.

## COUNT II
## NEGLIGENCE
### (Lavallee v. The Town of Scituate)

10. The plaintiff adopts and realleges the statements made in paragraphs 1 through 9 above as though fully set forth herein.

11: Upon information and belief, the defendant, Richard Johnson has a history of perpetrating like or similar acts and/or conduct to that alleged herein by the plaintiff on numerous occasions and prior to the occurrence which serves as the subject of this Complaint, while employed as a police officer for the Town of Scituate.

12. The defendant Town of Scituate knew or should have known of Officer Johnson's prior misconduct and yet failed to prevent the risks posed to the plaintiff. The Town of Scituate's negligent hiring, training, retaining, and supervision of Police Officer Richard Johnson caused the plaintiff's injuries.

13. As a result of the Town of Scituate's negligence, the plaintiff incurred costs for medical care and attendance, and endured great pain and suffering, mental anguish, lost wages and/or diminished earning capacity and past, present and future medical expenses.

**WHEREFORE,** the plaintiff, Eileen Lavallee, demands judgment against the defendant, Town of Scituate, for the full amount of her damages plus interest, costs, expenses and attorney's fees.

### COUNT III
### VIOLATION OF CIVIL RIGHTS LAWS PURSUANT TO
### 42 U.S.C. §1983
### (Lavallee v. Town of Scituate)

14. 14. The plaintiff adopts and realleges the statements made in paragraphs 1 through 13 above as though fully set forth herein.

15. 15. At all times relevant hereto, defendant officer, while an agent, servant and/or employee of the defendant, Town of Scituate, in concert with the individual defendant police officer, who was acting under color of law and within the scope of his authority as a police officer pursuant to established policies, rules, regulations, ordinances, customs and usages of the Town of Scituate.

16. The defendant Town of Scituate acquiesced and failed to take any action thereby allowing a pattern of conduct consisting of harassment, intimidation and excessive force prior to and at the time of the incident currently alleged thereby personally depriving the plaintiff of her constitutional rights.

17. 17. As a direct and proximate result of the defendant Town of Scituate's negligence and unlawful conduct and/or the negligence and unlawful conduct of its agents, employees, and/or servants, who were acting under the color of law, the plaintiff suffered severe emotional distress, fright, anxiety, indignity, humiliation, mental suffering, and shame and anguish of mind. She also incurred costs for medical care and attendance, and endured great pain and suffering, lost wages and/or diminished earning capacity, and past, present and future medical expenses.

**WHEREFORE,** the plaintiff, Eileen Lavallee, demands judgment against the defendant,

3

Town of Scituate, for the full amount of her damages plus interest, costs, expenses and attorney's fees.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS LAWS PURSUANT TO
## 42 U.S.C. §1983
## (Lavallee v. Richard Johnson, individually)

18. 18. The plaintiff adopts and re-alleges the statements made in paragraphs 1 through 17 above as though fully set forth herein.

19. 19. In the action set forth above, the defendant officer's conduct deprived the plaintiff, personally, of her federal constitutional rights.

20. 20. As a direct and proximate result of the aforesaid acts of the defendant police officer, who was acting under color of law, the plaintiff has suffered from and will continue to suffer from severe emotional distress, fright, anxiety, indignity, humiliation, mental suffering, and shame and anguish of mind. She also incurred costs for medical care and attendance, and endured great pain and suffering, lost wages and/or diminished earning capacity, and past, present and future medical expenses.

**WHEREFORE**, the plaintiff, Eileen Lavallee, demands judgment against the defendant, Richard Johnson, for compensatory damages, punitive damages, plus interest, costs, expenses and attorney's fees.

## COUNT V
## CIVIL RIGHTS VIOLATIONS PURSUANT TO
## M.G.L. c. 12 §§ 11H and 11I
## (Lavallee v. Richard Johnson, individually)

21. 21. The plaintiff adopts and re-alleges the statements made in paragraphs 1 through 20 above as though fully set forth herein.

22. 22 In the action set forth above, the defendant officer, while acting under the color of law, interfered by threats, intimidation, or coercion or attempted to interfere by threats, intimidation or coercion, with the exercise or enjoyment by the plaintiff, Eileen Lavallee, personally, of her rights secured by the Commonwealth of Massachusetts, in violation of M.G.L. c. 12 §§ 11H and 11I.

23. 23. As direct and proximate result of the conduct of defendant, the plaintiff has suffered from, and will continue to suffer from severe emotional distress, fright, anxiety, indignity, humiliation, mental suffering, and shame and anguish of mind. She also incurred costs for medical care and attendance, and endured great pain and suffering, lost wages and/or diminished earning capacity, and past,

4

**WHEREFORE**, plaintiff, Eileen Lavallee, demands judgment against the defendant individually, for compensatory damages and that plaintiff be awarded such other relief as this Honorable Court may deem meet and just.

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

Respectfully Submitted
by Counsel for the Plaintiff,

7/8/05

Michael R. Rawson
BBO NO. 555361
**RAWSON MERRIGAN & MERRIGAN**
530 Atlantic Avenue, Third Floor
Boston, MA 02210
(617) 348-0988

**VERIFICATION**

I, Eileen Lavallee, hereby depose and state as follows:

1. I am the plaintiff in the above-captioned case.

2. I have read the Complaint filed herein and, knowing the contents thereof, have found that the allegations of fact set forth therein are based upon my own personal knowledge and are true, except as to those allegations based on information and belief which I believe to be true.

Signed under the pains and penalties of perjury this 30 day of June, 2005.

Eileen Lavallee

6

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                                       SUPERIOR COURT
                                                                    C.A. NO. 05-782

EILEEN LAVALLEE,

        Plaintiff

v.                                                                  ANSWER OF DEFENDANT
                                                                    TOWN OF SCITUATE
TOWN OF SCITUATE and RICHARD
JOHNSON, Individually,

        Defendants

      The defendant Town of Scituate ("Town") hereby responds to the numbered paragraphs in the Complaint as follows:

## INTRODUCTION

    1.    The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

    2.    Admitted.

    3.    Admitted.

    4.    The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

    5.    Denied.

    6.    The allegations set forth in Paragraph 6 comprise contentions as to matters of law not requiring a response by the Town. To the extent a response is required, the Town admits only receipt of a purported notice pursuant to G.L.c. 258 on or about the date set forth in said paragraph.

7. The allegation set forth in Paragraph 7 comprise contentions as to matters of law not requiring a response by the Town.

## COUNT I
(Violations Pursuant to M.G.L. c. 258 - Lavallee v. Town of Scituate)

8. The Town restates and incorporates by reference its responses to Paragraphs 1-7.

9. Denied.

## COUNT II
(Negligence – Lavallee v. Town of Scituate)

10. The Town restates and incorporates by reference its responses to Paragraphs 1-9.

11. Denied.

12. Denied.

13. Denied.

## COUNT III
(Violation of Civil Rights Laws Pursuant to
42 U.S.C. § 1983 – Lavallee v. Town of Scituate)

14. The Town restates and incorporates by reference its responses to Paragraphs 1-13.

15. The allegations set forth in Paragraph 15 are so vaguely and confusingly pled as to preclude reasoned response.

16. Denied.

17. Denied.

## COUNT IV
(Violation of Civil Rights Laws Pursuant to
42 U.S.C., § 1983 – Lavallee v. Richard Johnson, Individually)

18-20. the allegations set forth in Count IV do not pertain to the Town.

2

## COUNT V
(Civil Rights Violations Pursuant to M.G.L.c. 12, §§ 11H and 11I)

21-23. The allegations set forth in Count V do not pertain to the Town.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The Complaint should be dismissed for improper service of process.

### THIRD DEFENSE

The plaintiff's claim is barred by the applicable statute of limitations.

### FOURTH DEFENSE

The Complaint should be dismissed for failure to present the claim and to give notice in accordance with G.L.c. 258, § 4.

### FIFTH DEFENSE

At the time alleged in the Complaint, the defendant was engaged as a public entity and therefore the plaintiff's recovery is barred or limited in accordance with G.L.c. 258 and the doctrine of sovereign immunity.

### SIXTH DEFENSE

The plaintiff was not in the exercise of due care and therefore recovery is barred or subject to diminution, in accordance with comparative negligence principles, as set forth in G.L.c. 231, § 85.

## SEVENTH DEFENSE

If the plaintiff sustained damages as alleged in the Complaint, the same were caused by acts of a third person or persons, which acts the defendant had no reason to anticipate.

## EIGHTH DEFENSE

The alleged acts or omissions of the defendant were not the cause, proximate or otherwise, of the alleged injury or damage.

## NINTH DEFENSE

The Town may not be held liable pursuant to the doctrine of *respondeat superior*, and the plaintiff has not alleged facts establishing a municipal policy or practice of unconstitutional conduct or deliberate indifference thereto, attributable to the Town's policy makers, resulting in injury or damage.

## TENTH DEFENSE

Plaintiff fails to state a claim for liability for inadequate training, and supervision due to the failure to plead or establish the requisite deliberate indifference.

## ELEVENTH DEFENSE

Plaintiff fails to state a claim for supervisory liability due to the failure to plead or establish the requisite deliberate indifference.

## TWELFTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against any defendant.

## THIRTEENTH DEFENSE

The Town is immune from liability pursuant to G.L.c. 12, § 11 H and I.

## FOURTEENTH DEFENSE

The defendant denies all of plaintiffs' allegations of wrongful conduct and states there is no custom or policy amounting to a constitutional violation.

## FIFTEENTH DEFENSE

The action filed by the plaintiff is frivolous, wholly insubstantial and not advanced in good faith, and defendant is entitled to recovery of all costs, expenses and attorney's fees associated with the defense of this action.

## JURY CLAIM

The Town respectfully demands a trial by jury.

DEFENDANT TOWN OF SCITUATE,

By its attorneys,

*/s/ Joseph L. Tehan, Jr.*
Joseph L. Tehan, Jr. (BBO # 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

259427/80000/0033

5

**≋JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Eileen Lavallee

**DEFENDANTS**
Town of Scituate and Richard Johnson, Individually

(b) County of Residence of First Listed Plaintiff  Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael R. Rawson, Esq. (617) 348-0988
Rawson, Merrigan & Merrigan, LLP
530 Atlantic Avenue, Third Fl, Boston, MA 02210

Attorneys (If Known) Town of Scituate Only:
Joseph L. Tehan, Jr., Esq. (BBO#494020)
Jackie Cowin, Esq. (BBO# 655880)  ***

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  |  ☐ 555 Prison Condition |  |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983
Brief description of cause:
Plaintiff claims Town and police officer violated her civil rights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE  9/1/05
SIGNATURE OF ATTORNEY OF RECORD
*Joseph P. Tehan* (signature)

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

*** Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Eileen Lavallee v. Town of Scitutate**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05 cv 11807 RGS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]  NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]  NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]  NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]  NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]  NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]  NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Joseph L. Tehan, Esq./Jackie Cowin, Esq.
ADDRESS  Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116
TELEPHONE NO.  (617) 556-0007

(CategoryForm.wpd - 5/2/05)