MAS-20041213
eliasreb

**Commonwealth of Massachusetts**
**PLYMOUTH SUPERIOR COURT**
**Case Summary**
**Civil Docket**

09/07/2005
11:06 AM

## PLCV2005-00782
## Lavallee v Scituate Town of et al

| File Date | 07/08/2005 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 09/06/2005 | Session | A - Civil A - CtRm 5 (Brockton) |
| Origin | 1 | Case Type | E03 - Action against Commonwealth/municpl |
| Lead Case | | Track | A |

| Service | 10/06/2005 | Answer | 12/05/2005 | Rule12/19/20 | 12/05/2005 |
|---|---|---|---|---|---|
| Rule 15 | 10/01/2006 | Discovery | 08/27/2007 | Rule 56 | 10/26/2007 |
| Final PTC | 02/23/2008 | Disposition | 07/07/2008 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Eileen Lavallee
Active 07/08/2005

**Private Counsel 555361**
Michael R Rawson
Rawson Law Offices (Michael R)
530 Atlantic Avenue 3rd. fl
Rawson,Merrigan & Merrigan LLP
Boston, MA 02210
Phone: 617-348-0988
Fax: 617-348-0989
Active 07/08/2005 Notify

**Defendant**
Scituate Town of
604 Chief Justice Highway Rte 3A
Scituate, MA 02066
Served: 08/08/2005
Answered: 08/29/2005
Active 08/29/2005

**Private Counsel 494020**
Joseph L Tehan
Kopelman & Paige PC
31 Saint James Avenue
7th floor
Boston, MA 02116-4102
Phone: 617-556-0007
Fax: 617-654-1735
Active 08/29/2005 Notify

**Defendant**
Richard Johnson
Service pending 07/08/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/08/2005 | 1.0 | Complaint & civil action cover sheet filed and Jury Claim ((chk 285.00 recvd., 2 summons) |
| 07/08/2005 | | Origin 1, Type E03, Track A. |
| 08/11/2005 | 2.0 | SERVICE RETURNED: Scituate Town of(Defendant)service made on August 8,2005 by delivering in hand to Bernice Brown person in charge at time of service |
| 08/29/2005 | 3.0 | ANSWER: Scituate Town of(Defendant) and Jury Claim |
| 09/06/2005 | 4.0 | Case REMOVED this date to US District Court of Massachusetts by deft Town of Scituate |

A TRUE COPY ATTEST

Francis R. Powers

CLERK

### EVENTS

MAS-20041213
eliasreb

**Commonwealth of Massachusetts**
**PLYMOUTH SUPERIOR COURT**
**Case Summary**
**Civil Docket**

**PLCV2005-00782**
**Lavallee v Scituate Town of et al**

7|8|05    ①

# COMMONWEALTH OF MASSACHUSETTS

**PLYMOUTH, ss.**

**SUPERIOR COURT**
**CIVIL ACTION NO.** 05 - 782



| | |
|---|---|
| **EILEEN LAVALLEE,** Plaintiff, | )<br>)<br>) |
| v. | )<br>)<br>) **COMPLAINT** |
| **TOWN OF SCITUATE** and **RICHARD JOHNSON,** individually | )<br>)<br>) |
| **Defendants.** | )<br>)<br>) |

Inside the FILED stamp:
FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY
JUL 8 2005
CLERK

## VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

### INTRODUCTION

1. The plaintiff, Eileen Lavallee, is an individual residing in Scituate, County of Plymouth, Commonwealth of Massachusetts.

2. The defendant, Town of Scituate, is a municipal corporation with a principal place of business located at 600 Chief Justice Highway, Scituate, County of Plymouth, Commonwealth of Massachusetts.

3. The defendant, Richard Johnson, is a police officer employed by the Town of Scituate Police Department, with a usual place of business located in Scituate, County of Plymouth, Commonwealth of Massachusetts.

4. The plaintiff says that during an evening on or about the last week in July, 2002, she was the victim of an assault, battery, and false imprisonment committed upon her, along with lewd and lascivious conduct directed toward her, as perpetrated by uniformed Police Officer Richard Johnson of the Scituate Police Department.

5. Officer Johnson's unlawful conduct referred to above was committed while he was in the course and scope of his employment as a Police Officer with the defendant, Town of Scituate.

A TRUE COPY ATTEST
Frances R. Powers
CLERK

6.     On July 15, 2004 the plaintiff made presentment via certified mail upon the
       Chairman of the Board of Selectmen of the Town of Scituate, as agent of the
       Town of Scituate, pursuant to M.G. L. c. 258, receipt of which was acknowledged
       by signature of the addressee.  The allegations contained within said letter of
       presentment are incorporated herein by reference.  (See copies of plaintiff's letter
       of notice and the Town of Scituate's acknowledged receipt attached hereto as
       Exhibits A and B, respectively).

7.     Having received no response from the Town of Scituate now more than six (6)
       months since plaintiff's presentment and notice thereof, the plaintiff is allowed to
       file suit in a court of appropriate jurisdiction, pursuant to Mass. Gen. L. c. 258.

**COUNT I**
**VIOLATIONS PURSUANT TO M. G. L. c. 258**
**(Lavallee v. Town of Scituate)**

8.     The plaintiff adopts and realleges the statements made in paragraphs 1 through 7
       above as though fully set forth herein.

9.     As a direct and proximate result of the defendant Town of Scituate's negligence
       and unlawful conduct and/or the negligence and unlawful conduct of its agents,
       employees, and/or servants, the plaintiff has sustained injuries of body and mind,
       incurred costs for medical care and attendance, and endured great pain and
       suffering, mental anguish, lost wages and/or diminished earning capacity and past,
       present and future medical expenses.

**WHEREFORE,** the plaintiff, Eileen Lavallee, demands judgment against the defendant,
Town of Scituate, for the full amount of her damages plus interest, costs, expenses and
attorney's fees.

**COUNT II**
**NEGLIGENCE**
**(Lavallee v. The Town of Scituate)**

10.    The plaintiff adopts and realleges the statements made in paragraphs 1 through 9   above
       as though fully set forth herein.

11.    Upon information and belief, the defendant, Richard Johnson has a history of
       perpetrating like or similar acts and/or conduct to that alleged herein by the
       plaintiff on numerous occasions and prior to the occurrence which serves as the
       subject of this Complaint, while employed as a police officer for the Town of
       Scituate.

2

12.    The defendant Town of Scituate knew or should have known of Officer Johnson's prior misconduct and yet failed to prevent the risks posed to the plaintiff. The Town of Scituate's negligent hiring, training, retaining, and supervision of Police Officer Richard Johnson caused the plaintiff's injuries.

13.    As a result of the Town of Scituate's negligence, the plaintiff incurred costs for medical care and attendance, and endured great pain and suffering, mental anguish, lost wages and/or diminished earning capacity and past, present and future medical expenses.

**WHEREFORE,** the plaintiff, Eileen Lavallee, demands judgment against the defendant, Town of Scituate, for the full amount of her damages plus interest, costs, expenses and attorney's fees.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS LAWS PURSUANT TO**
**42 U.S.C. §1983**
**(Lavallee v. Town of Scituate)**

14.    14.    The plaintiff adopts and realleges the statements made in paragraphs 1 through 13 above as though fully set forth herein.

15.    15.    At all times relevant hereto, defendant officer, while an agent, servant and/or employee of the defendant, Town of Scituate, in concert with the individual defendant police officer, who was acting under color of law and within the scope of his authority as a police officer pursuant to established policies, rules, regulations, ordinances, customs and usages of the Town of Scituate.

16.    The defendant Town of Scituate acquiesced and failed to take any action thereby allowing a pattern of conduct consisting of harassment, intimidation and excessive force prior to and at the time of the incident currently alleged thereby personally depriving the plaintiff of her constitutional rights.

17.    17.    As a direct and proximate result of the defendant Town of Scituate's negligence and unlawful conduct and/or the negligence and unlawful conduct of its agents, employees, and/or servants, who were acting under the color of law, the plaintiff suffered severe emotional distress, fright, anxiety, indignity, humiliation, mental suffering, and shame and anguish of mind. She also incurred costs for medical care and attendance, and endured great pain and suffering, lost wages and/or diminished earning capacity, and past, present and future medical expenses.

**WHEREFORE,** the plaintiff, Eileen Lavallee, demands judgment against the defendant,

3

Town of Scituate, for the full amount of her damages plus interest, costs, expenses and attorney's fees.

## COUNT IV
### VIOLATION OF CIVIL RIGHTS LAWS PURSUANT TO
### 42 U.S.C. §1983
### (Lavallee v. Richard Johnson, individually)

18.   18.   The plaintiff adopts and re-alleges the statements made in paragraphs 1 through 17 above as though fully set forth herein.

19.   19.   In the action set forth above, the defendant officer's conduct deprived the plaintiff, personally, of her federal constitutional rights.

20.   20.   As a direct and proximate result of the aforesaid acts of the defendant police officer, who was acting under color of law, the plaintiff has suffered from and will continue to suffer from severe emotional distress, fright, anxiety, indignity, humiliation, mental suffering, and shame and anguish of mind. She also incurred costs for medical care and attendance, and endured great pain and suffering, lost wages and/or diminished earning capacity, and past, present and future medical expenses.

**WHEREFORE,** the plaintiff, Eileen Lavallee, demands judgment against the defendant, Richard Johnson, for compensatory damages, punitive damages, plus interest, costs, expenses and attorney's fees.

## COUNT V
### CIVIL RIGHTS VIOLATIONS PURSUANT TO
### M.G.L. c. 12 §§ 11H and 11I
### (Lavallee v. Richard Johnson, individually)

21.   21.   The plaintiff adopts and re-alleges the statements made in paragraphs 1 through 20 above as though fully set forth herein.

22.   22   In the action set forth above, the defendant officer, while acting under the color of law, interfered by threats, intimidation, or coercion or attempted to interfere by threats, intimidation or coercion, with the exercise or enjoyment by the plaintiff, Eileen Lavallee, personally, of her rights secured by the Commonwealth of Massachusetts, in violation of M.G.L. c. 12 §§ 11H and 11I.

23.   23.   As direct and proximate result of the conduct of defendant, the plaintiff has suffered from, and will continue to suffer from severe emotional distress, fright, anxiety, indignity, humiliation, mental suffering, and shame and anguish of mind. She also incurred costs for medical care and attendance, and endured great pain and suffering, lost wages and/or diminished earning capacity, and past,

4

present and future medical expenses.

**WHEREFORE,** the plaintiff, Eileen Lavallee, demands judgment against the defendant, Richard Johnson, for compensatory damages, plus interest, costs, expenses and attorney's fees.

**COUNT VI**
**ASSAULT AND BATTERY**
**(Lavallee v. Richard Johnson, individually)**

24.     The plaintiff adopts and re-alleges the statements made in paragraphs 1 through 23 above as though fully set forth herein.

25.     In unjustifiably touching and using force upon the plaintiff, as set forth above, the individual defendant, committed acts which constitute an unjustified, willful, intentional, and malicious assault and battery of the plaintiff in violation of the laws of the Commonwealth of Massachusetts.

26.     As direct and proximate result of the conduct of the individual defendant, the plaintiff has suffered from, and will continue to suffer from, physical injuries, mental anguish and other damages, including, but not limited to, those damages set forth above.

**WHEREFORE**, plaintiff, Eileen Lavallee, demands judgment against the defendant, individually, for compensatory damages and that plaintiff be awarded such other relief as this Honorable Court may deem meet and just.

**COUNT VII**
**FALSE IMPRISONMENT**
**(Lavallee v. Richard Johnson, individually)**

27.     The plaintiff adopts and re-alleges the statements made in paragraphs 1 through 26 above as though fully set forth herein.

28.     In falsely and wrongfully arresting, detaining and imprisoning the plaintiff without probable cause,  the defendant committed acts which constitute an unjustified, willful, intentional, and malicious false imprisonment of the plaintiff.

29.     As direct and proximate result of the conduct of defendant, the plaintiff has suffered from, and will continue to suffer from injuries, including mental anguish and other damages, including, but not limited to, those damages set forth above.

**WHEREFORE**, plaintiff, Eileen Lavallee, demands judgment against the defendant individually, for compensatory damages and that plaintiff be awarded such other relief as this Honorable Court may deem meet and just.

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

Respectfully Submitted
by Counsel for the Plaintiff

7/8/05

Michael R. Rawson
BBO NO. 555361
**RAWSON MERRIGAN & MERRIGAN**
530 Atlantic Avenue, Third Floor
Boston, MA 02210
(617) 348-0988

## VERIFICATION

I, Eileen Lavallee, hereby depose and state as follows:

1.    I am the plaintiff in the above-captioned case.

2.    I have read the Complaint filed herein and, knowing the contents thereof, have found that the allegations of fact set forth therein are based upon my own personal knowledge and are true, except as to those allegations based on information and belief which I believe to be true.

Signed under the pains and penalties of perjury this 30 day of June, 2005.

Eileen Lavallee
Eileen Lavallee

6

| **CIVIL ACTION COVER SHEET** | DOCKET NO.(S) 05-782 | 7/8/05 | **Trial Court of Massachusetts Superior Court Department** County: Plymouth |
|---|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Eileen Lavallee | Town of Scituate and Richard Johnson |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Michael R. Rawson, RAWSON MERRIGAN & MERRIGAN, LLP<br>530 Atlantic Avenue, 3rd Floor, Boston, MA 02210<br>Board of Bar Overseers number: 555361  tel. (617) 348-0988 | |

## Origin code and track designation

Place an x in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E03/E99 | M.G.L. c. 258/Civil Rights 1983 | (A) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   Subtotal $ . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . $
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . $
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
F. Other documented items of damages (describe)
                                                                                    $ . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

The plaintiff was the victim of an assault, battery, and false imprisonment committed upon her by the defendant, Richard Johnson. The acts by Mr. Johnson were committed while he was in the course and scope of his employment as a police officer with the Town of Scituate.

$1,000,000.00 . . .
**TOTAL $1,000,000.00 . . .**

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $. . . . . . . . . . . .**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 7/8/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

25552

**THE COMMONWEALTH OF MASSACHUSETTS**
CLERK - MAGISTRATE
PLYMOUTH DIVISION
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
COURTHOUSE, 72 BELMONT ST.
BROCKTON, MA 02401

| TRANSIT NUMBER | CHECK | CASH | NET AMOUNT | DATE | NAME | DESCRIPTION | DOCKET NO. |
|---|---|---|---|---|---|---|---|

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH**

**CIVIL ACTION**

NO. 05-782

Eileen Lavallee ............................................, **Plaintiff(s)**

vs.

Town of Scituate and Richard Johnson................, **Defendant(s)**

## SUMMONS

**To the above-named defendant :**    Town of Scituate

You are hereby summoned and required to serve upon Steven M. Litner

plaintiff    attorney, whose address is 530 Atlantic Ave., Boston, MA 02210 .........., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff    which arises out of the transaction or occurrence that is the subject matter of the plaintiff—claim or you will thereafter be barred from making such claim in any other action.

Witness. **Barbara J. Rouse**    Esquire, at Brockton, the .......3rd............... day of
..... August ..................., in the year of our Lord one thousand nine hundred and (.2005....)...............

*Francis R. Powers*

**NOTES**    *CLERK.*

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. To plaintiff's attorney: please circle type of action involved -- Tort -- Motor Vehicle Tort -- Contract -- Equitable Relief -- Other.

## PROOF OF SERVICE OF PROCESS

**Plymouth County Sheriff's Department • P.O. Box 1663 • Brockton, MA 02303 • 508-580-2110**
*Plymouth, ss.*

August 8, 2005

I hereby certify and return that on 8/8/2005 at 11:03AM I served a true and attested copy of the summons, complaint and civil action cover sheet in this action in the following manner: To wit, by delivering in hand to Bernice Brown, agent, person in charge at the time of service for Town of Scituate, at , 604 Chief Justice Cushing Highway, Rte.3A Scituate, MA 02066. Attest (1 copy) ($5.00), P&H (no mailing) ($1.00), Basic Service Fee ($30.00), Conveyance ($4.50), Travel ($12.80) Total Charges $53.30

**A TRUE COPY ATTEST**

*Francis R. Powers*
**CLERK**

Deputy Sheriff   Robert C. Greek

*Robert C. Greek*
***Deputy Sheriff***

you claim to have a defense, either you or your attorney must serve a copy of your written answer within — *you need not appear personally in court to answer the complaint, but if* nd also file the original in the Clerk's Office at Brockton.

RECEIVED

AUG 2 9 2005

PLYMOUTH SUPERIOR COURT

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT
C.A. NO. 05-782

EILEEN LAVALLEE,

        Plaintiff

v.

TOWN OF SCITUATE and RICHARD
JOHNSON, Individually,

        Defendants

ANSWER OF DEFENDANT
TOWN OF SCITUATE

The defendant Town of Scituate ("Town") hereby responds to the numbered paragraphs in the Complaint as follows:

## INTRODUCTION

1.    The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

AUG 2 9 2005

2.    Admitted.

3.    Admitted.

4.    The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

5.    Denied.

6.    The allegations set forth in Paragraph 6 comprise contentions as to matters of law not requiring a response by the Town. To the extent a response is required, the Town admits only receipt of a purported notice pursuant to G.L.c. 258 on or about the date set forth in said paragraph.

A TRUE COPY ATTEST
CLERK

7.      The allegation set forth in Paragraph 7 comprise contentions as to matters of law

not requiring a response by the Town.

## COUNT I

(Violations Pursuant to M.G.L. c. 258 - Lavallee v. Town of Scituate)

8.      The Town restates and incorporates by reference its responses to Paragraphs 1-7.

9.      Denied.

## COUNT II

(Negligence – Lavallee v. Town of Scituate)

10.     The Town restates and incorporates by reference its responses to Paragraphs 1-9.

11.     Denied.

12.     Denied.

13.     Denied.

## COUNT III

(Violation of Civil Rights Laws Pursuant to
42 U.S.C. § 1983 – Lavallee v. Town of Scituate)

14.     The Town restates and incorporates by reference its responses to Paragraphs 1-13.

15.     The allegations set forth in Paragraph 15 are so vaguely and confusingly pled as to

preclude reasoned response.

16.     Denied.

17.     Denied.

## COUNT IV

(Violation of Civil Rights Laws Pursuant to
42 U.S.C., § 1983 – Lavallee v. Richard Johnson, Individually)

18-20.  the allegations set forth in Count IV do not pertain to the Town.

2

## COUNT V
(Civil Rights Violations Pursuant to M.G.L.c. 12, §§ 11H and 11I)

21-23. The allegations set forth in Count V do not pertain to the Town.

### DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The Complaint should be dismissed for improper service of process.

### THIRD DEFENSE

The plaintiff's claim is barred by the applicable statute of limitations.

### FOURTH DEFENSE

The Complaint should be dismissed for failure to present the claim and to give notice in

accordance with G.L.c. 258, § 4.

### FIFTH DEFENSE

At the time alleged in the Complaint, the defendant was engaged as a public entity and

therefore the plaintiff's recovery is barred or limited in accordance with G.L.c. 258 and the

doctrine of sovereign immunity.

### SIXTH DEFENSE

The plaintiff was not in the exercise of due care and therefore recovery is barred or

subject to diminution, in accordance with comparative negligence principles, as set forth in

G.L.c. 231, § 85.

## SEVENTH DEFENSE

If the plaintiff sustained damages as alleged in the Complaint, the same were caused by acts of a third person or persons, which acts the defendant had no reason to anticipate.

## EIGHTH DEFENSE

The alleged acts or omissions of the defendant were not the cause, proximate or otherwise, of the alleged injury or damage.

## NINTH DEFENSE

The Town may not be held liable pursuant to the doctrine of *respondeat superior*, and the plaintiff has not alleged facts establishing a municipal policy or practice of unconstitutional conduct or deliberate indifference thereto, attributable to the Town's policy makers, resulting in injury or damage.

## TENTH DEFENSE

Plaintiff fails to state a claim for liability for inadequate training, and supervision due to the failure to plead or establish the requisite deliberate indifference.

## ELEVENTH DEFENSE

Plaintiff fails to state a claim for supervisory liability due to the failure to plead or establish the requisite deliberate indifference.

## TWELFTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against any defendant.

## THIRTEENTH DEFENSE

The Town is immune from liability pursuant to G.L.c. 12, § 11 H and I.

## CERTIFICATE OF SERVICE

I, Jackie Cowin, hereby certify that on the below date, I served a copy of the foregoing

Answer of Defendant Town of Scituate, by first-class mail, postage prepaid, to the following

counsel of record:

Michael R. Rawson
Rawson Merrigan & Merrigan
530 Atlantic Avenue, Third Floor
Boston, MA 02210

Dated: 8/26/05

Jackie Cowin

259683/METG/0645



RECEIVED

SEP - 6 2005

PLYMOUTH SUPERIOR COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EILEEN LAVALLEE,

        Plaintiff

v.

TOWN OF SCITUATE and RICHARD
JOHNSON, Individually,

        Defendants

NOTICE OF REMOVAL

**05 CV 11807 RGS**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS:

Now comes the defendant, Town of Scituate, pursuant to the provisions of 28 U.S.C.
§§1441 and 1446, and hereby file notice of the removal of this action from the Superior Court
Department of the Trial Court of the Commonwealth of Massachusetts, County of Plymouth,
where it is currently pending, based upon the following grounds:[1]

1.     This is an action in which the plaintiff alleges violations of rights secured by the
United States Constitution by the defendant, see Complaint, Count III (¶¶14-17), affixed hereto
and incorporated by reference, as well as various state law claims.

2.     This Court has jurisdiction over the plaintiff's federal claims pursuant to 28
U.S.C. §1331, and the entire case may be removed pursuant to 28 U.S.C. §1441.

3.     Removal is timely, as this action was served on the defendant no earlier than
August 8, 2005, and the original Notice of Removal was filed on August 31, 2005.

---

[1]Although the Complaint alleges claims against Richard Johnson, in addition to the Town of Scituate, the state
court docket indicates that Johnson had not been served as of the filing of this Notice of Removal. As such, Mr.
Johnson is not, at present, a party to this action and his consent to removal is not required.

A TRUE COPY ATTEST

CLERK

Signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DEFENDANT,

TOWN OF SCITUATE,

By its attorneys,

Joseph L. Tehan, Jr. (BBO# 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

259855/METG/0645

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document
is to be
was served upon the attorney of record for each other
party by (hand) (mail) on 9/02/05

2

JS 44 (Rev. 11/04)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Eileen Lavallee

**DEFENDANTS**

Town of Scituate and Richard Johnson, Individually

**(b)** County of Residence of First Listed Plaintiff   Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Plymouth
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael R. Rawson, Esq. (617) 348-0988
Rawson, Merrigan & Merrigan, LLP
530 Atlantic Avenue, Third Fl., Boston, MA 02210

Attorneys (If Known) Town of Scituate Only:
Joseph L. Tehan, Jr., Esq. (BBO#494020)
Jackie Cowin, Esq. (BBO# 655880)   ***

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 | Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983

Brief description of cause:
Plaintiff claims Town and police officer violated her civil rights.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   9/1/05

SIGNATURE OF ATTORNEY OF RECORD   _____

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

*** Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA   02116
(617) 556-0007

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)____ Eileen Lavallee v. Town of Scitutate ____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

   [ ]   I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [X]   II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   [ ]   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   [ ]   IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   [ ]   V.    150, 152, 153.

# 05   11807 RGS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [X]   NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [X]      Central Division [ ]      Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]      Central Division [ ]      Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Joseph L. Tehan, Esq./Jackie Cowin, Esq.

ADDRESS  Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116

TELEPHONE NO.  (617) 556-0007

(CategoryForm.wpd - 5/2/05)