UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| EILEEN LAVALLEE,<br>         Plaintiff<br><br>v.<br><br>TOWN OF SCITUATE and<br>RICHARD JOHNSON, INDIVIDUALLY,<br>         Defendants | C.A. No. 05CV11807 RGS |

## ANSWER OF DEFENDANT RICHARD JOHNSON TO
## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### FIRST DEFENSE

The Complaint does not state a claim for which relief can be granted.

### SECOND DEFENSE

The Complaint does not state a claim for which relief can be granted in that the Defendant is not obligated to pay the Plaintiff any amount of loss or damage alleged.

### THIRD DEFENSE

The Defendant responds to the allegations of the Complaint, paragraph by paragraph, as follows:

**Introduction**

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore leaves the Plaintiff to prove same.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant denies each and every allegation in Paragraph 4 of the Complaint.

5. The Defendant does not respond to the allegations in Paragraph 5 of the Complaint to the extent it contains conclusions of law as to the scope of employment of Defendant. The

Defendant denies he engaged in any unlawful conduct at any time. The Defendant denies each and every other allegation in Paragraph 5 of the Complaint.

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore leaves the Plaintiff to prove same. To the extent this Paragraph references the contents of documents, the Defendant does not respond to such allegations because the documents speak for themselves.

7. The Defendant does not respond to the allegations in Paragraph 7 of the Complaint because such allegations contain conclusions of law not requiring a responsive pleading. To the extent a response is deemed necessary, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore leaves the Plaintiff to prove same.

## Count I

8.-9. The Defendant does not respond to Count I of the Complaint because such allegations are not directed against this Defendant. To the extent a response is deemed necessary, the Defendant denies each and every allegation in Count I of the Complaint.

## Count II

10.-13. The Defendant does not respond to Count II of the Complaint because such allegations are not directed against this Defendant. To the extent a response is deemed necessary, the Defendant denies each and every allegation in Count II of the Complaint.

## Count III

14.-17. The Defendant does not respond to Count III of the Complaint because such allegations are not directed against this Defendant. To the extent a response is deemed necessary, the Defendant denies each and every allegation in Count III of the Complaint.

## Count IV

18. The Defendant repeats and realleges his answers to Paragraphs 1 through 17 of the Plaintiff's Complaint as if fully set forth herein.

19. Defendant denies each and every allegation in Paragraph 19 of the Complaint.

20. Defendant denies each and every allegation in Paragraph 20 of the Complaint.

**Count V**

21. The Defendant repeats and realleges his answers to Paragraphs 1 through 20 of the Plaintiff's Complaint as if fully set forth herein.

22. Defendant denies each and every allegation in Paragraph 22 of the Complaint.

23. Defendant denies each and every allegation in Paragraph 23 of the Complaint.

**Count VI**

24. The Defendant repeats and realleges his answers to Paragraphs 1 through 23 of the Plaintiff's Complaint as if fully set forth herein.

25. Defendant denies each and every allegation in Paragraph 25 of the Complaint.

26. Defendant denies each and every allegation in Paragraph 26 of the Complaint.

**Count VII**

27. The Defendant repeats and realleges his answers to Paragraphs 1 through 26 of the Plaintiff's Complaint as if fully set forth herein.

28. Defendant denies each and every allegation in Paragraph 28 of the Complaint.

29. Defendant denies each and every allegation in Paragraph 29 of the Complaint.

### FOURTH DEFENSE

If the Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Defendant was not and is not legally responsible.

### FIFTH DEFENSE

The Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### SIXTH DEFENSE

The Defendant's conduct was at all times in compliance with, and is protected by the laws of the Commonwealth of Massachusetts and/or the laws of the United States.

## SEVENTH DEFENSE

The Plaintiff's recovery is barred by her failure to mitigate damages.

## EIGHTH DEFENSE

The Defendant acted reasonably, within the scope of his official discretion and in a good faith belief that his actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known as to all matters alleged in the Complaint which bear on a question of State or Federal law.

## NINTH DEFENSE

The Defendant's acts and conduct were privileged by virtue of Defendant acting reasonably and in good faith within the scope of his authority and therefore Plaintiff cannot recover.

## TENTH DEFENSE

The Plaintiff by her actions and/or conduct is estopped to be granted any relief in this action and/or has waived any and all rights she may have had against the Defendants.

## ELEVENTH DEFENSE

The Plaintiff's claims must fail due to her failure to timely exhaust her administrative remedies.

## TWELFTH DEFENSE

The Plaintiff was not deprived of any rights secured by either the State or U.S. Constitution and/or the laws of the Commonwealth of the United States.

## THIRTEENTH DEFENSE

No act or omission by the Defendant was a proximate cause of damages, if any, sustained by the Plaintiff.

## FOURTEENTH DEFENSE

The Defendant is entitled to qualified immunity.

## FIFTEENTH DEFENSE

The Defendant states that at all times relevant hereto, the Defendant acted without malice

toward the Plaintiff and that his actions relative to the Plaintiff were privileged by virtue of acting reasonably and in good faith within the scope of his authority.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata* or collateral estoppel.

### SEVENTEENTH DEFENSE

The Defendant states that he is immune from claims of negligence arising from conduct during the course of his employment pursuant to the provisions of Mass. Gen. L. ch. 258.

### EIGHTEENTH DEFENSE

The Defendant states that Plaintiff cannot establish the requisite threats, intimidation or coercion to maintain a claim under Mass. Gen. L. ch. 12 §§11H & 11I.

### JURY DEMAND

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN THE COMPLAINT AND IN THIS ANSWER.

Respectfully submitted,

The Defendant,
RICHARD JOHNSON,
By his attorneys,

PIERCE, DAVIS & PERRITANO, LLP

John J. Cloherty III, BBO# 566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant, via electronic mail.

12/20/05
Date